**In the Matter of Richard LAWRENCE, A 75–451–846**

**No. 06 Civ. 5846(VM).**

United States District Court, S.D. New York.

Sept. 12, 2006.

---

## DECISION AND ORDER

MARRERO, District Judge.

The petitioner, Richard Lawrence ("Lawrence") filed a petition for habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241 seeking a stay of deportation. Lawrence, who is originally from Nigeria, alleges that he would face torture and death if deported to Nigeria. For the reasons set forth below, the Petition is dismissed.

## I. BACKGROUND

Lawrence, a native and citizen of Nigeria, is currently detained at Buffalo Federal Detention Facility in Buffalo, New York. Lawrence entered the United States in 1989 with authorization to remain in the United States for six months. (*See* Decision and Order of the Immigration Judge, dated April 27, 2006, attached as Ex. B of letter to Judge Victor Marrero from Shane Cargo, Assistant United States Attorney, dated August 4, 2006 ("Cargo Letter").) In 1997, he was placed in removal proceedings after overstaying his temporary visa. On July 11, 2000, an immigration judge sitting in Newark, New Jersey, granted him until November 10, 2000, to voluntarily depart to Nigeria. *See id.* Lawrence failed to depart by the November 10, 2000 deadline. On March 26, 2006, Lawrence filed a motion seeking reconsideration of the July 11, 2000 decision. Lawrence's motion was denied. *See id.* at 2. Lawrence appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed. (*See* Board of Immigration Appeals's June 30, 2006 Order, attached as Ex. C to Cargo Letter.)

Lawrence filed the Petition on August 2, 2006. Lawrence asserts that his detention is unlawful because he was not provided adequate notice to appear in advance of a hearing before an immigration judge in connection with his motion seeking reconsideration of the immigration court's July 11, 2000 Order. Lawrence alleges that the Government's failure to provide adequate notice prior to the hearing constitutes a violation of his due process rights. By Order dated August 2, 2006, this Court issued a temporary stay of removal through August 4, 2006 and directed the United States Attorney for the Southern District of New York to submit a response addressing why the proceeding should not be transferred to the appropriate Circuit

Court of the United States Court of Appeals.

## II. *DISCUSSION*

■ Pursuant to the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, Title I, 119 Stat. 231, 310–11, ("REAL ID Act"), codified at 8 U.S.C. § 1252(a)(5), the "sole and exclusive" means for challenging an order of removal is "[a] petition for review filed with an appropriate court of appeals." Pursuant to this provision, this Court is jurisdictionally barred from considering a challenge to a removal order. Accordingly, the Petition is dismissed for lack of jurisdiction.

■ Furthermore, the Petition cannot properly be transferred to the appropriate Circuit of the United States Court of Appeals. The REAL ID Act provides authority to district courts for the transfer of immigration-related habeas petitions where the petition was pending in a district court on the date of the enactment of the Act. *See* REAL ID Act § 106(c). The Act was enacted on May 11, 2005. The Petition was filed on August 2, 2006, subsequent to the date that the Act was enacted. Therefore, the Court lacks authority to transfer the Petition to an appropriate Circuit of the United States Court of Appeals.

## III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the petition of Richard Lawrence for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**